UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:                                                           Case No. 14-24390-RBR
                                                                 Chapter 7
ALI REZA ZARGARAN,

       Debtor.
_____/

KENNETH A. WELT, as chapter 7 trustee for     Adv. Pro. No. _____
Ali Reza Zargaran,

       Plaintiff,

v.

ALI RAFIEE,

       Defendants.
_____/

**TRUSTEE'S COMPLAINT FOR DECLARATORY JUDGMENT, AND RECOVERY OF <u>POSTPETITION TRANSFERS</u>**

> Pursuant to Chapter II, Section 2, Paragraph III of the Court's CM/ECF Guide, which requires a clearly defined statement at the beginning of the first page of the Complaint, the Trustee represents that the Estate is currently insolvent and requests the filing fee be deferred

      Kenneth A. Welt, the Chapter 7 Trustee (the *"Trustee"*) for the bankruptcy estate of Ali Reza Zargaran (the *"Debtor"*), by and through his undersigned counsel, sues Ali Rafiee (the *"Defendant"*), and states as follows:

**I.    PARTIES, JURISDICTION AND VENUE**

    **A.   Parties**

    1.    The Trustee is the duly authorized and acting Chapter 7 Trustee of the Debtor's estate (the *"Estate"*) created pursuant to Section 541 of the Bankruptcy Code, on June 24, 2014

(the *"Petition Date"*), after the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the *"Bankruptcy Code"*).

2.      Upon information and belief, the Defendant is *sui juris*, over the eighteen years of age, and a resident of Bexar County, Texas

### B. Jurisdiction and Venue

3.      This Court has jurisdiction over the subject matter of this action pursuant to 11 U.S.C § 105, and 28 U.S.C. §§ 157(a) and (b) and 1334(b).

4.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## II.    GENERAL ALLEGATIONS

6.      In June 1993, the Debtor incorporated Ali Reza Zargaran, M.D., P.A. (the *"Practice"*).

7.      Prior to the Petition Date, the Debtor was the sole shareholder in the Practice.

8.      By statute, pursuant to §621.03, Fla. Stat., a professional corporation, such as the Practice, is organized for the "sole and specific purpose of rendering professional service."

9.      The Practice's sole business was the operation of a medical practice.

10.     At some point prior to December, 2013, the Debtor opened an investment account with TD Ameritrade (the *"Investment Account"*).

11.     For some reason, the Investment Account was titled in the Practice's name, rather than that of the Debtor.

12.     The Trustee is unaware of the initial funding sources for the Investment Account.

13.     For some time, the Debtor made regular trades of publicly traded stock within the Investment Account.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

14. Trading publicly traded securities in an investment account is not a 'professional service.'

15. On the Petition Date, June 24, 2014, the Debtor filed the instant chapter 11 petition (the **"Petition"**).

**A. The Practice and the Investment Account.**

16. By filing the Petition, the Debtor became a debtor-in-possession, with a fiduciary duty to manage the Estate for the benefit of the creditors.

17. By filing the Petition, the Debtor's sole shareholder interest in the Practice was included in the Estate under section 541 of the Bankruptcy Code.

18. On Schedule B13, the Debtor scheduled his interest in the Practice as valued at $526,108.39, which he described as follows:

> Ali Reza Zargaran, MD, P.A. Valuation determined by combining: bank balance (1938.59); accounts receivable (14,187); of ice furnishing/equipment (750); unencumbered portion of investment stock account (756,353.10); business liabilities (245,107.30).

(the **"Scheduled Description"**).

19. The Trustee believes the 'business liabilities' to be unenforceable insider-debts allegedly owed to the Debtor's wife, Maryam Baker (**"Wife"**).

20. In any event, pursuant to even the Debtor's Scheduled Description, the share in the Practice (the **"Share"**) had (at least) a book value of $526,108.39.

21. Pursuant to the claims register, the Debtor has in excess of $2,000,000.00 in unsecured (including undersecured) debt.

22. As a debtor-in-possession, the Debtor had a duty to administer the Share for the benefit of his creditors.

**B. With conversion to chapter 7 imminent, the Debtor empties the Investment Account**

23.     On October 2, 2014, the United States Trustee (the **"UST"**) filed his *Motion to Convert or Dismiss Case* (the **"UST Motion"**).

24.     On October 17, 2014 and October 20, 2014, both Sabadell United Bank, N.A. and Transcapital Bank (respectively) joined in the UST Motion and asked that the case be converted.

25.     The UST Motion was set for hearing on October 23, 2014.

26.     That very morning, on October 23, 2014, the Debtor requested the following wire transfers be made from the Investment Account:

   a)     A $462,489.53 transfer to Cornerstone Title San Antonio (the **"Cornerstone Transfer"**); and

   b)     A $401,510.00 transfer to account number 114021933 at Broadway National Bank (the **"Broadway Transfer"**).

27.     On October 24, 2014, the Debtor initiated a second transfer to the same account at Broadway National Bank in the amount of $11,162.30 (the **"Second Broadway Transfer"**).[1]

28.     The Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer depleted the balance in the Investment Account from in excess of $870,000.00 to only $383.86.

29.     By the time the order converting the case (the **"Conversion Order"**) was entered on October 27, 2014, all three transfers had occurred and the Investment Account (and by extension the Share) was worthless.

30.     The Cornerstone Transfer was a transfer to a closing agent, who facilitated the purchase by the Debtor and Wife of the real property (**"Real Property"**) located at 10431 Springcroft Court, Helotes, TX 78023, described as: CB 4557A (BRIDGEPOINT UT-8 & 15), BLOCK 8 LOT 20.

---

[1] Collectively the Cornerstone Transfer, Broadway Transfer, and Second Broadway Transfer are referred to as the **"Transfers."**

31. By separate lawsuit *Welt v. Zargaran* et al, 14-01894-RBR (Bankr.S.D.Fla. 2014), the Trustee sought a determination that the Practice was the alter ego of the Debtor, that the Transfers were avoidable, and that the Real Property was property of the Estate.

32. On November 19, 2014, the Debtor and Wife transferred the Real Property to Defendant via Special Warranty Deed (the **"Rafiee Transfer"**). A copy of the Special Warranty Deed evidencing the Rafiee Transfer is attached as **Exhibit A.**

### COUNT I
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Defendant that the Real Property is property of the Estate)*

33. The Trustee reasserts the allegations contained in paragraphs 1 - 32 as if fully set forth herein.

34. There exists an actual controversy with respect to the owner of the Real Property.

35. The Real Property was acquired by the Debtor and his Wife on October 24, 2014.

36. The case was converted on October 27, 2014.

37. Pursuant to 11 U.S.C. § 1115, in a converted case, property of the estate includes post-petition, pre-conversion property acquired by the debtor.

38. The Trustee is informed and believes that the Debtor and Wife took record title to the Real Property as community property.

39. Accordingly, the interest of both the Debtor and the Wife was property of the Estate under § 541.

40. Accordingly, title to the Real Property is properly held by the Estate only, and the Debtor and Wife could not have made the Rafiee Transfer, which is thus void.

41. A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Defendant:

A. Determining that the Real Property is property of the Estate;

B. Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT II
## DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
*(Declaration against the Defendant that the Real Property is property of the Estate)*
**(in the alternative to Count I)**

42. The Trustee reasserts the allegations contained in paragraphs 1 - 32 as if fully set forth herein.

43. There exists an actual controversy with respect to the owner of the Real Property.

44. The Real Property was purchased with post-petition Estate assets.

45. Accordingly, title to the Real Property is properly held by the Estate only, and the Debtor and Wife could not have made the Rafiee Transfer, which is thus void.

46. A finding that the Real Property is an Estate asset is necessary to prevent injustice, and no adequate remedy at law exists.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a declaratory judgment in favor of the Trustee and against the Debtor and Wife:

A. Determining that the Real Property is property of the Estate;

B. Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT III
## TURNOVER PURSUANT TO 11 U.S.C. § 542
*(Against Defendant)*

47. The Trustee reasserts the allegations contained in paragraphs 1 - 32 as if fully set forth herein.

48. Pursuant to 11 U.S.C. § 541, the Real Property is property of the Debtor's bankruptcy estate and must be turned over to the Trustee.

49. Pursuant to 11 U.S.C. § 541, any and all monies earned by the Real Property are property of the Estate.

**WHEREFORE,** the Trustee respectfully requests the Court to enter a judgment in favor of the Trustee and against the Defendant directing the Defendant to:

A. Turn over the Real Property to the Trustee, as well as all monies received therefrom;

B. Awarding the Trustee's attorneys' fees and costs to the extent permitted by applicable law; and

C. Granting any and all further relief this Court deems fair and equitable.

## COUNT IV
## POSTPETITION TRANSFER
## 11 U.S.C. §§ 549 and 550
*(against Defendant)*

50. The Trustee reasserts the allegations contained in paragraphs 1 - 32 as if fully set forth herein.

51. The Rafiee Transfer was a transfer of property of the Estate.

52. The Rafiee Transfer occurred after the commencement of the case.

53. The Rafiee Transfer was not authorized by the Bankruptcy Code or an order of the Court.

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Defendant avoiding the Rafiee Transfer, and to the extent avoidance does not make the Trustee whole, that the Court enter Judgment against the Defendant for the value of the Rafiee Transfer and any further relief that this Court deems just, fair and equitable.

### COUNT V
### POSTPETITION TRANSFER
### 11 U.S.C. §§ 549 and 550
### (against Defendant)

54. The Trustee reasserts the allegations contained in paragraphs 1 - 32 as if fully set forth herein.

55. The Transfers were transfers of property of the Estate.

56. The Transfers occurred after the commencement of the case.

57. The Transfers were not authorized by the Bankruptcy Code or an order of the Court.

58. The Debtor and Wife were the transferees of the Transfers.

59. The Defendant is a subsequent Transferee of the Transfers by virtue of the Rafiee Transfer.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363

**WHEREFORE**, the Trustee respectfully requests the Court to enter a judgment against the Defendant for the value of the Rafiee Transfer and any further relief that this Court deems just, fair and equitable.

Dated: February 1, 2015.

> s/ Lawrence E. Pecan
> Lawrence E. Pecan, Esquire
> Florida Bar No. 990866
> lpecan@melandrussin.com
> MELAND RUSSIN & BUDWICK, P.A.
> 3200 Southeast Financial Center
> 200 South Biscayne Boulevard
> Miami, Florida 33131
> Telephone: (305) 358-6363
> Telecopy: (305) 358-1221
> *Attorneys for Trustee*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363