UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

ALI REZA ZARGARAN,　　　　　　　　　　　　　Case No. 14-24390-RBR

Debtor,

_____/

KENNETH A WELT, as chapter 7 trustee for　　　Adv. No. 15-01083-RBR
Ali Reza Zargaran

　　　　　Plaintiff,
v.

ALI RAFIEE,

　　　　　Defendant (s).
_____/

## MOTION TO DISMISS

　　The Defendant, ALI RAFIEE, hereby moves to dismiss the Complaint as follows:

　　1. Plaintiff filed a five-count complaint based on funds transferred from an investment account of Ali Reza Zararan, M.D., P.A. (hereafter the P.A.). Some of these funds were then allegedly transferred to a title company used to buy real estate in Texas in the name of the debtor and his wife. The debtor and his wife then sold the real estate to the defendant. Counts I and II seek declaratory relief that the transfers by the debtor are void and that the real estate purchased by the defendant is property of the estate. Count III seeks turnover of the real estate. Counts IV and V seek to avoid the transfer of the real estate to the defendant.

　　2. Plaintiff alleged in paragraph 12 that he is unaware of the initial funding sources for the investment account. Plaintiff also has not alleged whether any subsequent deposits into the account were from the medical practice or from another source of funding.

　　3. Plaintiff fails to allege the business liabilities of the P.A., other than to refer to the debtor's Schedule B 13 and a belief that the amount of business liabilities are unenforceable

insider-debts (paragraphs 18 and 19 of the complaint)

4. Plaintiff's allegations of injury to the Chapter 7 trustee are based on speculation as to any net value of the stock of the P.A. Plaintiff is essentially, without pleading a claim of reversing the corporate veil, alleging that the P.A. is liable for the debts of the debtor, the real estate was purchased from the funds of the debtor, and the real estate is an estate asset. Plaintiff must allege a basis that the corporate form was used for a fraudulent or improper purpose. Without a basis to allege as to the source of the funds into the corporate account, Plaintiff has not stated a cause of action that the real property is property of the estate. See In Re Checiek, 492 BR 918 (Bank. M.D. FL 2013).

5. Plaintiff fails to allege that the defendant did not pay reasonable value for the real estate. Without such an allegation and proof, trustee lacks standing because he has not stated a cause of action showing actual injury to the estate. At issue is the sale of the real estate to the defendant, not the withdrawal of funds from the P.A. investment account. In re Wood Theaters, LLC, 491 BR 591 (Bankr. M.D. Fl. 2013). Also see cases cited as to the jurisdictional requirement of actual injury set forth in the prior decision in In re Wood Theaters, LLC, 479 BR 122 (Bankr. M. D. FL 2012, distinguishing In re Delco Oil, Inc., 599 F. 3d 1255(11th Cir 2010).

6. Plaintiff has not alleged the purchase price paid by the debtor for the real estate, only the amount transferred to a title company.

7. Plaintiff alleges that the transfer of the real estate was void. Plaintiff makes this allegation in Counts I and II. In Count III Plaintiff alleges the real property of the debtor is property of the debtor's estate subject to turnover. Plaintiff attached to the complaint the recorded deed to the defendant dated prior to filing of any lis pendens by the trustee. This case does not involve a violation of the automatic stay or a violation of a cash collateral order. The transfer initiated by the debtor is not void. Plaintiff has failed to state a cause of action that the

transfers were void or that the real estate is property of the estate. In re Tippett, 542 F. 3d 684 (9th Cir 2008). Tippett rejected the trustee's position that a post-petition transfer initiated by the debtor was void from the beginning. The trustee may have a remedy to avoid a transfer pursuant to Section 549(c), but Counts I, II and III should be dismissed because the transfer of real estate to the defendant was not void. See In re Wood Theaters, LLC, 479 BR 122(Bankr M.D. Fl 2012) and In re Wood Theaters, LLC, 491 BR 591 (Bankr. M. D Fl. 2013).

8. Counts IV and V are counts to avoid the transfer of property of the estate pursuant to 11 USC Section 549 and 550. As set forth above, the source of the funds as alleged was the PA Investment account. Any actual injury was to the PA, not to the trustee. Counts IV and V should be dismissed.

9. Count IV is apparently an allegation that the defendant is the transferee of the debtor. As set forth in the allegations of the complaint, the source of the funds was the debtor's P.A., which purchased real estate and transferred the assets to the debtor and his wife. The Defendant is not the initial transferee, Count IV should be dismissed.

10. Plaintiff has failed to specify a basis for a claim of attorney's fees.

**WHEREFORE**, Defendant requests that the complaint be dismissed.

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished by ECF on this __10__ day of __March__, 2015, to Lawrence Pecan at Meland Russin & Budwick, P.A. at lpecan@melandrussin.com.

JEFFREY SOLOMON, ESQUIRE
Attorney for Defendant
3864 Sheridan Street
Hollywood, FL 33021
(954) 967-9800
Fax: (954) 963-2227
FLA BAR NO. 309044
solomonjeffrey@hotmail.com