

**ORDERED in the Southern District of Florida on April 22, 2015.**

Raymond B. Ray, Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
Broward Division

In re:

| | |
|---|---|
| ALI REZA ZARGARAN, | Case No. 14-24390-RBR |
| Debtor. | Chapter 7 |
| _____ / | |
| KENNETH A. WELT, | Adv. Case No. 15-1083-RBR |
| Plaintiff. | |
| vs. | |
| ALI RAFIEE, | |
| Defendant. | |
| _____ / | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [D.E. 10]**

THIS MATTER came before the Court for a hearing on March 27, 2015, upon the Defendant's Motion to Dismiss the Adversary Proceeding [D.E. 10] (the "Motion") and the

Response [D.E. 15] thereto filed by Kenneth A. Welt (the "Plaintiff"). After having carefully considered the Complaint, Motion, Response, court file, argument of counsel for the parties, and being otherwise duly advised in the premises, the Court grants the Motion for the following reasons.

Federal Rule of Civil Procedure 12(b)(6)[1] states that a complaint should be dismissed for failure to state a claim upon which relief can be granted if no facts can be proven that would support the claim for relief. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a motion to dismiss, the factual allegations of the complaint are taken as true and construed in the light most favorable to the non-movant. *See Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1206 (11th Cir. 2012). Although "a complaint . . . does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Determining whether a complaint states a plausible claim will "be a context-specific task requiring the reviewing court to draw on judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

After having reviewed the Plaintiff's allegations in the Complaint, the Court concludes that the Plaintiff has not met the burden of satisfying the requisite pleading requirement. The allegations in the Complaint are not sufficient to plead a *prima facie* case for each claim. The Trustee must amend the Complaint to provide more clarity and plead plausible claims for relief. If the Trustee is intending to rely on the alter ego theory regarding the Debtor and the Ali Reza

---

[1] Fed.R.Civ.P. 12(b) is made applicable to these proceedings by Fed.R.Bankr.P. 7012(b).

Zargaran, M.D., P.A. in this adversary against this Defendant, then the Trustee must plead allegations relating to the alter ego theory in this Complaint. Simply incorporating the alter ego theory by reference to a separate adversary proceeding with different defendants is insufficient. Additionally, the Trustee must clarify allegations relating to harm to the estate as it pertains to the Defendant and the Rafie Transfer. The Trustee must plead, and at some point prove, that there was injury to the estate.

There is a split of authority regarding whether a violation of the automatic stay occurs when a debtor voluntarily transfers property of the estate post-petition without authorization from the court. Many courts have found that there is no violation of the automatic stay involved in debtors' post-petition transfers and that § 549 is the only mechanism to avoid post-petition transfers. *See Schwartz v. United States (In re Schwartz),* 954 F.2d 569, 574 (9th Cir.1992) (holding that the conflict in overlapping provisions of § 362 and § 549 is resolved by concluding that the automatic stay does not apply to transfers initiated by the debtor); *see also Rathbone v. Lake (In re Consolidated Partners Inv. Co.),* 156 B.R. 982, 984–85 (Bankr. N.D. Ohio 1993) (finding that transfers made voluntarily by a debtor do not violate the automatic stay making § 549 the only method of avoiding post-petition transfers); *Burkart v. Coleman (In re Tippett)*, 542 F.3d 684, 690 (9th Cir. 2008) (determining that no violation of the automatic stay occurs when a debtor intentionally transfers property of the estate post-petition); *Slone v. Anderson (In re Anderson)*, 511 B.R. 481, 495 (Bankr. S.D. Ohio 2013) *aff'd,* 510 B.R. 113 (B.A.P. 6th Cir. 2014) (holding that § 362 does not supplant § 549 and that no violation of the automatic stay occurs when the Debtor imitates a post-petition transfer). Other courts take the opposing view that a debtor violates the automatic stay by effectuating unauthorized post-petition transfers. *See*

*Gonzales v. Beery (In re Beery)*, 452 B.R. 825, 830 (Bankr. D.N.M. 2011) (reasoning that the trustee is also entitled to the protection of the automatic stay in order to preserve the estate so it follows that out-of-possession chapter 11 debtors violate the automatic stay by making unauthorized post-petition transfers).

If the automatic stay applied to void post-petition transfers initiated by a debtor, then it would render § 549 largely superfluous. Reading § 362 so broadly would essentially circumvent the creditor protections in § 549 such as the statute of limitations and the exception to avoidance for bona fide purchasers of real property in § 549(c). This Court determines that there is no violation of the automatic stay when a debtor voluntarily transfers property of the estate post-petition. The only method for the Plaintiff to attempt to avoid the alleged transfer to the Defendant is by making a claim pursuant to § 549.

Accordingly, it is

**ORDERED** as follows:

1. The Motion [D.E. 10] is **GRANTED** with leave to amend.
2. The Plaintiff shall file an Amended Complaint within **thirty (30) days** from the date of the entry of this Order.

###

*The Clerk shall provide copies to:*
Plaintiff
Defendant