UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
www.flsb.uscourts.gov

In re:

ALI REZA ZARGARAN,  Case No. 14-24390-RBR
 Chapter 7
    Debtor.
_____/
KENNETH A. WELT, as Chapter 7 Trustee for  Adv. Case No. 15-01083
Ali Reza Zargaran,

    Plaintiff,

v.

ALI RAFIEE,

    Defendant.
_____/

## NOTICE OF FILING SUBPOENAS TO BE SERVED

    Kenneth A. Welt, as Chapter 7 Bankruptcy Trustee (the ***"Trustee"***), by and through undersigned counsel, provides notice upon all parties in this proceeding, in accordance with *Fed R. Civ. P.* 45, that the Trustee will serve a Subpoena for Rule 2004 Examination *Duces Tecum* directed to the following non-parties:

Maureen Johnson or designee
Chief, Bureau of Records, Division of Motorist Services
2900 Apalachee Parkway, Mail Stop 89
Tallahassee, FL 32399

REMAINDER OF PAGE LEFT INTENTIONALLY BLANK

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 14, 2015, a true and correct copy of the foregoing was served via the Court's Notice of Electronic Filing upon Registered Users set forth on the attached list on **Exhibit 1** and via electronic mail upon: Dana Kaplan, Esq., dana@kelleylawoffice.com.

    s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 990866
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221
*Attorneys for Trustee*

**Electronic Mail Notice List**

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- Craig I Kelley     craig@kelleylawoffice.com, martha@kelleylawoffice.com,kelleyecfsouthern@gmail.com,Stephanie@kelleylawoffice.com
- Lawrence E Pecan     lpecan@melandrussin.com, ltannenbaum@melandrussin.com;mrbnefs@yahoo.com
- Jeffrey Solomon     solomonjeffrey@hotmail.com, mely.solomonlaw@gmail.com

**EXHIBIT 1**

B257 (Form 257 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/13)

Case 15-01083-RBR    Doc 28    Filed 05/14/15    Page 4 of 11

# UNITED STATES BANKRUPTCY COURT

Southern District of Florida

IN RE:

ALI REZA ZARGARAN,　　　　　　　　　　　　　　CASE NO. 14-24390-RBR

　　　　Debtor.
_____/
KENNETH A. WELT, AS　　　　　　　　　　　　　　Adv. Case No. 15-01083-RBR
CHAPTER 7 TRUSTEE FOR
ALI REZA ZARGARAN;

　　　　Plaintiff,
v.

ALI RAFIEE,

　　　　Defendant.
_____/

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:　　**Maureen Johnson or designee**
　　　　Chief, Bureau of Records, Division of Motorist Services
　　　　2900 Apalachee Parkway, Mail Stop 89
　　　　Tallahassee, FL 32399

[X]　*Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**ALL DOCUMENTS REQUESTED ON THE ATTACHED EXHIBIT A**

| PLACE: | DATE AND TIME: |
|---|---|
| Meland Russin & Budwick, P.A.<br>200 S. Biscayne Blvd., Suite 3200<br>Miami, FL 33131 (305) 358-6363 | June 15, 2015<br>10:00 a.m. EST |

[ ]　*Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE: | DATE AND TIME |
|---|---|
|  |  |

　　　　The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 14, 2015

                      CLERK OF COURT

                                         OR

_____    _____
*Signature of Clerk of Deputy Clerk*    *Attorney's signature*

---

The name, address, email address, and telephone number of the attorney representing *(name of party)* PLAINTIFF, KENNETH A. WELT, who issues or requests this subpoena, are:

Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

---

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).


[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

     I declare under penalty of perjury that this information is true and correct.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

  *(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
     (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
     (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

  *(2) For Other Discovery.* A subpoena may command:
     (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
     (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  *(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

  *(2) Command to Produce Materials or Permit Inspection.*
     *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
     *(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  *(3) Quashing or Modifying a Subpoena.*
     *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
     *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or
        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
     *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  *(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
     *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
     *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
     *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
     *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  *(2) Claiming Privilege or Protection.*
     *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
     *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**EXHIBIT A**

**DEFINITIONS**

All references to any Person (as defined below) includes his/her/its employees, agents, servants, subsidiaries, parent company, affiliated company and any other Person or entity or Representative (as defined below) acting or purporting to act on behalf or under his/her/its control.

1. "Agreement" shall mean all agreements, contracts, undertakings or other arrangements, whether oral, written, nonfinal, enforceable, superseded or modified by subsequent agreements

2. "Communication" or "Communications" means any conveyance or receipt of information whether by letter, memo, or other writing, or whether orally, or in person, or by telephone, and includes, without limitation, all inquiries, discussions, negotiations, agreements, meetings, telephone conversations, recordings, letters, correspondence, notes, telegrams, telexes, e-mails and facsimiles.

3. "Document" or "Documents" means, by way of illustration only and not by way of limitation, any written or graphic matter of any kind and description, whether printed or reproduced by any process, or written and/or produced by hand, whether final or draft, original or reproduction, whether or not claimed to be privileged or otherwise excludable from discovery, in Your actual or constructive possession, custody, or control, including without limitation: letters; correspondence; communications; electronic mail; memoranda; notes; transcripts; files; contracts; agreements; licenses; memoranda of telephone or personal conversations; microfilm; microfiche; log; telegrams; transmissions; statements; notices; trade letters; reports; transcripts or oral statements of testimony; computer-generated programs and printouts; magnetic or nonmagnetic recordation discs; computer files, programs, and directories; opinions or reports of consultants; forecasts; court papers; notes; work papers; and any and all other data, compilations, or information resources from which information can be obtained, translated, or downloaded, if necessary, through detection devices into written, graphic form.

4.      "Evidencing" means having a tendency to show, prove or disprove.

5.      "Related to," in any tense or for any derivation thereof, means tending to be association with either in logic or reason, should be interpreted as broadly as possible, and includes but is not limited to (in any tense or derivation) pertaining, referencing, regarding, concerning, describing, mentioning, constituting, concerning, supporting, corroborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverts or contradicts.

6.      "Representative" means any and all agents, employees, servants, officers, directors, attorneys, or other persons acting or purporting to act on behalf of the person in question.

7.      "You" or "Your" refers to Maureen Johnson or designee, as Chief, Bureau of Records, Division of Motorists, her agents, employees, representatives and attorneys, to the fullest extent the context permits and with the broadest, reasonable interpretation.

8.      "Person" shall mean any type of person or entity, and shall have the broadest, reasonable interpretation; this term includes, but is not limited to: (1) any individual or group of individuals (whether a formal group or not); (2) any type of entity, whether a business entity (corporation, limited liability company, etc.) or not, whether a legal fiction or not, whether presently in existence or not; and (3) any State or Federal government or governmental entity, including but not limited to any regulatory or administrative agency, including but not limited to any agent, representative, attorney, subdivision, employee of each.  Subpart (3) shall include, but not be limited to, the United States Department of Justice, the Office of the United States Attorney, the Internal Revenue Service, the Federal Bureau of Investigation, United States Postal Service, United States Postal Inspection Service, or any other affiliated, similar or similarly situated person or entity, and any agents and representatives of each.

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA  33131 • TELEPHONE (305) 358-6363
{Firm Clients/5526/5526-3/01616738.DOCX.}

## **INSTRUCTIONS**

a. When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

b. When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

c. In the event such file(s) or document(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each subfile, if any, maintained within the file, and the present location of the file.

d. If any document to be produced has been destroyed or is otherwise incapable of production, state: (a) the date, place and means of the destruction; (b) the name and address of each person deciding upon, participating in and having knowledge of the destruction; (c) the reason for the destruction; and (d) if not destroyed, the reason why the document is incapable of production.

e. This subpoena does not seek production of attorney-client privileged documents, or documents subject to the attorney-work-product privilege. However, a privilege log should be created and provided as to any documents for which there is a claim of privilege.

f. Unless another time period is specified, this Request is limited to the time period from January 1, 2010 and ending on the date of compliance with this Request.

## **DOCUMENT REQUESTS**

1. All applications, driving records, driver licenses and/or identification cards, or documents associated therewith for Farideh Hanify, DL # H510-240-47-544-0.

2. All applications, driving records, and driver licenses for any person reflecting the address: 1300 Miami Gardens Drive, #519E, Miami, Florida.